IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORDAN M. CRESSLEY, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 23-1465 |
| MARTIN O'MALLEY,[1] *Commissioner of Social Security,* Defendant. | ) |

O R D E R

AND NOW, this 30th day of September, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. §§ 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

---

[1] Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]   Plaintiff argues that the Administrative Law Judge ("ALJ") erred by crafting a residual functional capacity ("RFC") that failed to address limitations caused by all of his impairments. (Doc. No. 13). The Court finds the ALJ sufficiently considered all of Plaintiff's impairments and affirms, as the RFC is supported by substantial evidence.

Plaintiff specifically contends that the ALJ failed to evaluate his ongoing reports of panic attacks with vomiting, resulting in him being sent home from work, and his irritability stemming from bipolar disorder and insomnia. (*Id.* at 18-21). Plaintiff overlooks, however, that the ALJ specifically discussed his panic attacks, vomiting, and his being sent home from work at the hearing. (R. 26, 51-52). Indeed, the ALJ stated that "Plaintiff expressed concern that he tend[ed] to feel uncomfortable in public settings and that dealing with people has triggered panic attacks." (R. 26). Accordingly, there is no evidence that these are impairments that the ALJ did not consider when crafting the RFC.

Plaintiff also argues that the ALJ erred by not incorporating a specific limitation corresponding to his moderate limitation in interacting with others. (Doc. No. 13 at 19). Specifically, Plaintiff contends that the ALJ should have included a limitation in interacting with supervisors in his RFC. (*Id.*). Plaintiff's argument assumes that a specific RFC finding is required when certain findings are made earlier in the decision, but this is not the case. *See Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 209 (3d Cir. 2019) (stating "no incantations are required at steps four and five simply because a particular finding has been made at steps two and three."). The ALJ considered Plaintiff's moderate limitation in interacting with others when he discussed Plaintiff's social activity. (R. 28). The ALJ explained that Plaintiff did not discuss engaging in much social activity, but he was able to go outside on his own, communicate with others, and he was able to get along with authority figures. (*Id.*). Further, several medical professionals described Plaintiff's social skills as adequate and opined that he could maintain socially appropriate behavior. (R. 28, 30). The ALJ generously included several social limitations in Plaintiff's RFC, specifically: no interaction with the general public, no working in proximity to the general public, and only brief and incidental interaction with coworkers. (R. 26). This more than adequately incorporated Plaintiff's credibly established social limitations, and accordingly, Plaintiff's argument on this point fails.

Plaintiff further posits that the ALJ erred when he stated that Plaintiff's symptoms are well controlled by his medication, as Plaintiff has been through several medication changes and dosage adjustments due to a lack of medication efficacy. (Doc. No. 13 at 20). Plaintiff's argument, however, ignores that the ALJ heard about Plaintiff's

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 12) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 16) is GRANTED.

s/Alan N. Bloch  
United States District Judge

ecf:       Counsel of record

---

medication changes during the hearing (R. 57-58), and was aware that Plaintiff did not identify any side effects from his medications in his Function Report. (Exs. B4E, B5E). Additionally, the ALJ stated that Plaintiff "did not present consistent evidence that he suffer[ed] chronic, significantly limiting side effects from [his] medications set forth in the record[.]" (R. 27). Accordingly, the ALJ adequately addressed Plaintiff's argument as to medications.

The ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.